IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No: 06-cv-01036-WYD-CBS

BOB ALLEN CUSTARD,

    Plaintiff,

v.

'CHUCK' TURNER,
(1ST NAME UNK) STARK,
W. WILLIAMSON,
(1ST NAME UNK) PULLEN,
W. HAYGOOD,
MARIE BAILEY,
MICHAEL MORRISON,
C. CHESTER,
W. MONTGOMERY,
M. DUNLAP,
ROBERT A. HOOD, and
UNITED STATES,

    Defendants.

## ORDER

    THIS MATTER is before the Court on *pro se* Plaintiff's Renewed Objection to the Court Ordering Him To Be "Required to Make Necessary Arrangements For Payments" or for Reconsideration of the 8/02/06 Order Overruling Objections and Plaintiff's Motion for Standing Objections Regarding Same, dated August 17, 2006 (docket #13).  It appears that Plaintiff seeks reconsideration of the Court's Order of August 2, 2006, which overruled Plaintiff's Objection to Magistrate Judge Boland's July 13, 2006, Order.

    "'The Federal Rules of Civil Procedure recognize no motion for reconsideration.'" *Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995) (quotation and internal quotation

marks omitted); *see also Lawrence v. Maher*, 62 Fed.Appx. 907, 2003 WL 1889961, at *1 (10th Cir. 2003) (unpublished); *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).   However, "[p]rior to entry of final judgment, district courts have the inherent power to alter or amend interlocutory orders."  *Nat. Business Brokers, Ltd. v. Jim Williamson Productions, Inc.*, 115 F. Supp. 2d 1250, 1255 (D. Colo. 2000);  *Nelson v. Kansas*, No.99-4184-DES, 2001 WL 1597959 at *3 (D. Kan. 2001).  "Notwithstanding the court's broad discretion to alter its interlocutory orders, the motion to reconsider 'is not at the disposal or parties who want to rehash old arguments.'"  *Id.* (quotation and internal quotation marks omitted).  "Rather, as a practical matter, '[t]o succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'"  *Id.*, (quotation omitted).  "'A motion to reconsider . . . should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence.'"  Id. (quotation and internal quotation marks omitted).  *See also Nelson*, 2001 WL 1597959 at *4.

I have reviewed Plaintiff's Motion for Reconsideration and the Court's Order of August 2, 2006.  I find no manifest error of law or fact that would justify reconsideration of this Order.

Accordingly, Plaintiff's Motion for Reconsideration (docket #13) is **DENIED**.

Dated:  August 28, 2006

            BY THE COURT:
            s/ Wiley Y. Daniel
            Wiley Y. Daniel
            U. S. District Judge