IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01036-WYD-CBS

BOB ALLEN CUSTARD,
    Plaintiff,
v.

"CHUCK" TURNER et al.,
    Defendants.

___

ORDER
___

Magistrate Judge Craig B. Shaffer

    This civil action came before the court on January 19, 2007 for hearing on:

1.    "Plaintiff's Emergency Motion for Order of this Court Referring to the Federal Bureau of Investigation the Facts and Circumstances Giving Rise to the Threatened Murder of a U.S. Prisoner (Plaintiff) by a U.S. Bureau of Prison's Government Agent" (filed December 13, 2006) (doc. # 42);

2.    Plaintiff's "Motion for Stay of Proceedings in Both Civil Actions Because Defendants' On-Site ADX Attorneys Have Maliciously Taken Pltf's [sic] Reading Eyeglasses and/or for Appointment of Counsel . . . and for Evidentiary Hearing into this Matter . . ." (filed December 18, 2006) (doc. # 45);

3.    Plaintiff's "Motion for Extension of Time to Respond to Defendants' Motion to Dismiss" (filed January 3, 2007) (doc. # 49);

4.    Plaintiff's "Motion for Order Requiring the Presence of Certain Persons at the January 19, 2007 Hearing & Faxing Capability to the Court . . ." (filed January 3, 2007 (doc. # 50); and

5.    Plaintiff's "Renewed Motion for Order of the Court Referring to the Federal Bureau of Investigation the Facts & Circumstances Giving Rise to the Attempted Murder of a U.S. Prisoner [Plaintiff] by a U.S. Bureau of Prison's Government Agent (W. Williamson)" (filed January 11, 2007) (doc. # 53).

    Pursuant to the Order of Reference dated August 24, 2006 (doc. # 15) and the memoranda dated December 13, 2006, December 19, 2006, January 3, 2007, January 11, 2007 (docs. # 43, # 46, # 52, and # 55), these matters were referred to the Magistrate Judge. The court having reviewed the motions, the entire case file, the arguments made by Plaintiff Custard and defense counsel at the January 19, 2007 hearing, and the

applicable law and being sufficiently advised in the premises, IT IS ORDERED that:

1.   As the court discussed in colloquy during the January 19, 2007 hearing, Plaintiff Custard has not cited any legal authority giving the court the power to direct the Federal Bureau of Investigation ("FBI") to investigate one of the claims that Plaintiff Custard has raised in this civil action.  While the court may not have the authority to direct the FBI to perform and investigation, *see, e.g.*, 28 U.S.C. § 533, Plaintiff Custard may contact the FBI regarding this matter.  "Plaintiff's Emergency Motion for Order of this Court Referring to the Federal Bureau of Investigation the Facts and Circumstances Giving Rise to the Threatened Murder of a U.S. Prisoner (Plaintiff) by a U.S. Bureau of Prison's Government Agent" (filed December 13, 2006) (doc. # 42) is DENIED.

2.   "The Supreme Court held long ago that the right of access to the courts is a fundamental right protected by the Constitution." *Delew v. Wagner*, 143 F.3d 1219, 1222 (9th Cir. 1998) (citation omitted).  The grounds for Plaintiff Custard's Motion for Stay have been resolved since the filing of the Motion.  Plaintiff Custard indicated at the January 19, 2007 hearing that he has obtained his reading glasses, his ink pen, and his copies of law library materials.  The court has directed resolution of the issue of copying Plaintiff's Custard's exhibits for inclusion with his response to Defendant's Motion to Dismiss.  Plaintiff's "Motion for Stay of Proceedings in Both Civil Actions Because Defendants' On-Site ADX Attorneys Have Maliciously Taken Pltf's [sic] Reading Eyeglasses . . . " (filed December 18, 2006) (doc. # 45) is DENIED as unnecessary and moot.

   The hearing held January 19, 2007 suffices to satisfy Plaintiff Custard's request for an evidentiary hearing regarding his Motion to Stay.  Plaintiff's Motion "for Evidentiary Hearing into this Matter . . ." (filed December 18, 2006) (doc. # 45) was GRANTED by the hearing held January 19, 2007.

Plaintiff Custard's request for appointed counsel will be granted to the extent that the court will request the Clerk of the Court to place this civil action on the list for which counsel may volunteer.  Plaintiff's Motion "for Appointment of Counsel" (filed December 18, 2006) (doc. # 45) is GRANTED.  **The court requests that the Clerk of the Court place this case on the list of cases for which counsel may choose to volunteer.**  Plaintiff Custard is reminded that this Order does not guarantee that a lawyer will volunteer to represent him.  Plaintiff Custard must be prepared to proceed *pro se* as necessary.

3.  Plaintiff's "Motion for Extension of Time to Respond to Defendants' Motion to Dismiss" (filed January 3, 2007) (doc. # 49) is GRANTED.  Plaintiff Custard may file his response to Defendants' Motion to Dismiss **on or before February 20, 2007**.

4.  Plaintiff's "Motion for Order Requiring the Presence of Certain Persons at the January 19, 2007 Hearing & Faxing Capability to the Court . . ." (filed January 3, 2007 (doc. # 50) is DENIED as unnecessary and moot.

5.  In light of paragraph 2., above, Plaintiff's "Renewed Motion for Order of the Court Referring to the Federal Bureau of Investigation the Facts & Circumstances Giving Rise to the Attempted Murder of a U.S. Prisoner [Plaintiff] by a U.S. Bureau of Prison's Government Agent (W. Williamson)" (filed January 11, 2007) (doc. # 53) is DENIED.

DATED at Denver, Colorado, this 22nd day of January, 2007.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge