IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01036-WYD-CBS

BOB ALLEN CUSTARD,
　　　　Plaintiff,
v.

"CHUCK" TURNER,
(1ST NAME UNKNOWN) STARK,
W. WILLIAMSON,
(1ST NAME UNKNOWN) PULLEN,
W. HAYGOOD,
MARIE BAILEY,
MICHAEL MORRISON,
C. CHESTER,
W. MONTGOMERY,
ROBERT A. HOOD, and
UNITED STATES,
　　　　Defendants.
_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

　　　　This civil action comes before the court on: (1) Defendants' Motion to Dismiss (filed

December 11, 2006) (doc. # 38); and (2) Defendant Williamson's Motion to Dismiss (filed

March 13, 2007) (doc. # 74).  Pursuant to the Order of Reference dated August 24, 2006

(doc. # 15) and the memoranda dated December 12, 2006 (doc. # 39) and March 14, 2007

(doc. # 75), these matters were referred to the Magistrate Judge.  The court has reviewed

the Motions, Mr. Custard's responses (filed February 9, 2007 and April 6, 2007) (docs. #

68 and # 81), the pleadings, the entire case file, and the applicable law and is sufficiently

advised in the premises.


I.　　　　Statement of the Case

　　　　Mr. Custard is currently an inmate in administrative segregation ("ADX") at the

United States Penitentiary in Florence, Colorado ("USP-Florence").  Mr. Custard's claims

1

arise out of events and circumstances at USP Florence.  Proceeding *pro se*, Mr. Custard alleges claims against Defendants pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  On February 12, 2007, the court approved Mr. Custard's withdrawal of Claim Five and the resultant dismissal of Defendant Dunlap. (*See* Order (doc. # 72)).  Four claims remain before the court: Claim One alleging violation of the Eighth Amendment, retaliation, and conspiracy; Claim Two alleging violation of the Eighth Amendment, retaliation, and violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.;* Claim Three alleging violation of the Eighth Amendment, conspiracy, and retaliation; and Claim Four alleging violation of the Eighth Amendment and retaliation.  Mr. Custard seeks injunctive relief as well as compensatory and punitive damages.  (*See* Complaint (doc. # 3-2) at pp. 11-15 of 15).

Defendants move to dismiss all four claims in the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.


II.     Standard of Review

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a motion to dismiss may be granted if the court does not have subject matter jurisdiction over the matter.  In addressing a jurisdictional challenge, the court need not presume all of the allegations contained in the complaint to be true, "but has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts. . . ." *United States v. Rodriguez Aguirre*, 264 F.3d 1195, 1204 (10th Cir. 2001) (citation omitted).     Rule 12(b)(6) states that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  When reviewing a Rule 12(b)(6) motion to dismiss, the court accepts the well-pleaded allegations of the complaint as true and construes them in the light most favorable to the plaintiff. *Ramirez v. Dep't of Corrections*,

222 F.3d 1238, 1240 (10th Cir.2000) (citation omitted).   Dismissal for failure to state a claim upon which relief may be granted does not require the appearance beyond a doubt that plaintiff can prove no set of facts in support of claim that would entitle him to relief. *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, ----, 127 S.Ct. 1955, 1968-69 (U.S. May 21, 2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).   "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."   *Bell Atlantic Corp.*, 127 S.Ct. at 1969.

The court must construe Mr. Custard's Complaint and other papers liberally because he is representing himself.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers");   *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[a] pro se litigant's pleadings are to be construed liberally") (citations omitted).   However, the court cannot be a *pro se* litigant's advocate.   *Hall*, 935 F. 2d at 1110.   A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged.   *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).   *See also Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint");   *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

III.   Analysis

A.   *Bivens* Claims and Sovereign Immunity

Defendants argue that to the extent Mr. Custard brings his claims under *Bivens* , 403 U.S. at 388, against Defendants in their official capacities, such claims must be

dismissed. Mr. Custard responds that he "is <u>not</u> suing any defendants in their 'official capacities.' " (Mr . Custard's response (doc. # 68) at p. 9 of 19; *see also* response at p. 8 (doc. # 81 at p. 10 of 14)). *But see* Complaint (doc. # 3-1) at pp. 2(b) -2(f) (pp. 4-8 of 28) (indicating that Mr. Custard is suing all Defendants except the United States in their individual and official capacities).

In *Bivens*, 403 U.S. at 388, the Supreme Court recognized "an implied private right of action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 66 (2001). "If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, subject to the defense of qualified immunity." *Malesko*, 534 U.S. at 72. "The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP." *Malesko*, 534 U.S. at 72. *See also Simmat v. U.S. Bureau of Prisons* 413 F.3d 1225, 1231 (10th Cir. 2005) ("a *Bivens* claim lies against the federal official in his individual capacity – not . . . against officials in their official capacity"); *Hatten v. White*, 275 F.3d 1208, 1210 (10th Cir. 2002) (doctrine of sovereign immunity precludes a *Bivens* action against the United States or any agency thereof); *Weaver v. United States*, 98 F.3d 518, 520 (10th Cir. 1996) (claim for damages against a federal defendant in his official capacity is treated as a claim against the United States).

To the extent that Mr. Custard has alleged claims pursuant to *Bivens* against Defendants in their official capacities, such claims are barred by sovereign immunity and are thus properly dismissed with prejudice for lack of subject matter jurisdiction.

B.     Claim One

1.     Eighth Amendment

Mr. Custard alleges in Claim One that he suffers from "the serious medical condition

4

of 'delayed sleep-phase syndrome.' " (Complaint (doc. # 3-1) at p. 10 of 28). Mr. Custard

alleges pursuant to *Bivens*, 403 U.S. 388, that Defendants Turner, Stark, Williamson,

Bailey, Morrison, Chester, Haygood, Montgomery, Hood, and the United States violated

his Eighth Amendment rights when they repeatedly "loudly and violently waked" him by

"loudly banging on [his] cell door." (*See* Complaint (doc. # 3-1) at pp. 10, 14 of 28; *see*

*also* pp. 2(b)-2(f) (doc. # 3-1 at pp. 4-8 of 28)). Mr. Custard alleges that being "unlawfully

awakened from REM or restful sleep" puts his "life, health and safety" at risk. (*See*

Complaint (doc. # 3-1) at pp. 12-13 of 28).

In *Bivens*, 403 U.S. at 388, the Supreme Court recognized "an implied private right

of action for damages against federal officers alleged to have violated a citizen's

constitutional rights." *Malesko*, 534 U.S. at 66. "To establish a *Bivens* cause of action, a

party must have some evidence to support finding that [a] federal agent acting under color

of such authority violated some cognizable constitutional right of plaintiff." *Hron v. Jenkins*,

15 F. Supp. 2d 1082, 1085 (D. Kan. 1998) (citing *Bivens, *403 U.S. at 388).

"[T]he treatment a prisoner receives in prison and the conditions under which he is

confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511

U.S. 825, 832 (1994) (citation omitted). The Eighth Amendment prohibits the infliction of

"cruel and unusual punishments." U.S. CONST. Amend. VIII. Certain conditions of

confinement, if they inflict pain unnecessarily and wantonly, may constitute cruel and

unusual punishment under the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 319

(1986).

An Eighth Amendment claim includes both an objective component, whether the

deprivation of a basic human need is sufficiently serious, and a subjective component,

whether the officials acted with a sufficiently culpable state of mind. *Wilson v. Seiter*, 501

U.S. 294, 298 (1991). As for the objective component, "extreme deprivations" are required

to make out a conditions-of-confinement claim. *Hudson v. McMillian*, 503 U.S. 1, 8-9

(1992). Thus, in a conditions-of-confinement case, a "sufficiently serious" deprivation is shown when "a prison official's act or omission . . . result[s] in the denial of 'the minimal civilized measure of life's necessities.'" *Farmer*, 511 U.S. at 834 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). The subjective component follows from the principle that "'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'" *Farmer*, 511 U.S. at 834 (quoting *Wilson*, 501 U.S. at 297). The "deliberate indifference" subjective standard applies to claims of inhumane conditions of confinement. *Wilson*, 501 U.S. at 303-04. A finding of deliberate indifference requires a showing that the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. Under this standard, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Mr. Custard clarifies that he is not challenging "any legitimate awakening - no matter how rude - but just those which are not legitimate and done for the unlawful purposes of to torture sadistically for amusement [sic]." (Complaint (doc. # 3-1) at p. 12 of 28; *see also* pp. 11, 16 of 28). Mr. Custard alleges that he "does not complain about [being awakened for] any counts" and that there "are no less than 1825 prisoner counts annually at ADX." (Complaint (doc. # 3-1) at p. 16 of 28).

As to the objective component, beyond the 1825 prisoner counts that Mr. Custard does not challenge, Mr. Custard has not identified any dates or times that unnecessary loud banging on his cell door occurred. (*See* Complaint (doc. # 3-1) at pp. 10-16 of 28). Mr. Custard has not alleged the frequency of the alleged improper instances of loud banging on his cell door. While near-constant deprivation of sleep may constitute an unconstitutional condition of confinement, *see, e.g., Keenan v. Hall*, 83 F.3d 1083, 1090-91 (9th Cir. 1996) (Eighth Amendment claim where inmate subjected to bright light for 24 hours per day and alleged to have suffered grave sleeping problems and psychological

harm), *amended on other grounds on denial of rehearing*, 135 F.3d 1318 (9th Cir. 1998), a condition of confinement that occasionally makes sleeping difficult does not violate the Eighth Amendment.  The alleged sleep deprivation, viewed objectively, does not amount to a denial of the minimal necessities of civilized life.  *See Helling v. McKinney*, 509 U.S. 25, 36 (1993) (allegations were not sufficient to show exposure "to a risk that is so grave that it violates contemporary standards of decency").

As to the subjective component, Mr. Custard only conclusorily alleges that Defendants were aware of his sleep disorder (*see* Complaint (doc. # 3-1) at pp. 10, 13 of 28).  Mr. Custard has not alleged the specific persons who loudly banged on his cell door or when this occurred.  Mr. Custard has not alleged how or when the Defendants became aware of his sleep disorder.  Mr. Custard's conclusory allegations of harassment do not sufficiently state a relationship between his sleep condition and the instances of banging on his cell.  Mr. Custard has not adequately alleged who, if anyone, had the required culpable mental state.  *See Farmer*, 511 U.S. at 837 ("the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference").

The court concludes that Mr. Custard's allegations are not adequate to support an Eighth Amendment violation.


2.     Retaliation

Mr. Custard further alleges that by loudly banging on his cell door, waking him from his "needed deep sleep for sadistic fun," Defendants are retaliating against him in violation of the First Amendment for filing grievances and lawsuits.  (*See* Complaint (doc. # 3-1) at pp. 13, 14 of 28).

"[G]overnment action which chills constitutionally protected speech or expression contravenes the First Amendment."  *Wolford v. Lasater*, 78 F.3d 484, 488 (10th Cir. 1996).

*See also Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir.1990) ("The right of access to the courts . . . is also one aspect of the First Amendment right to petition the government for redress of grievances"); *Wildberger v. Bracknell*, 869 F.2d 1467, 1468 (11th Cir.1989) (holding that retaliation for filing lawsuits and administrative grievances "violates both the inmate's right of access to the courts and the inmate's First Amendment rights"). Prison "officials may not retaliate against or harass an inmate because of the inmate's exercise of his constitutional rights . . . even where the action taken in retaliation would be otherwise permissible." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) (internal quotation marks and citation omitted).

Nevertheless, "an inmate is not inoculated from the normal conditions of confinement . . . merely because he has engaged in protected activity." *Peterson*, 149 F.3d at 1144. "[A] plaintiff must prove that but for the retaliatory motive, the incidents to which he refers, including the disciplinary action, would not have taken place." *Peterson*, 149 F.3d at 1144 (internal quotation marks and citation omitted). *See also Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996) ("ultimate question is whether events would have transpired differently absent the retaliatory motive") (citation omitted).

"To state a valid claim for retaliation . . . , a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999) (citation omitted). "Mere allegations of constitutional retaliation will not suffice; plaintiffs must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." *Frazier v. Dubois*, 922 F.2d 560, 562 n. 1 (10th Cir. 1990). *See also Jones*, 188 F.3d at 325 ("Mere conclusionary [sic] allegations of retaliation will not be enough to withstand a proper motion for dismissal of the claim") (citation omitted). "The inmate must allege more than his personal belief that he is the victim of retaliation." *Jones*, 188 F.3d at 325. The prisoner must "allege a

8

chronology of events from which retaliation may plausibly be inferred." *Jones*, 188 F.3d at 325 (citation omitted).

Mr. Custard's allegations are too vague and conclusory to state a cognizable *Bivens* claim for unconstitutional retaliation against the Defendants named in Claim One.  Mr. Custard has not alleged adequate facts to support his allegations.  Mr. Custard has not alleged the dates that he filed his grievances and lawsuits or the dates that Defendants loudly banged on his cell door.  (*See* Complaint (doc. # 3-1) at pp. 10-16 of 28).  Thus, Mr. Custard has not alleged any temporal relationship between his grievances and lawsuits and the occasions on which Defendants improperly "loudly and violently waked" him. While Mr. Custard alleges that Defendants Bailey and Chester were generally aware of his grievances and lawsuits (*see* Complaint (doc. # 3-1) at pp. 11, 13 of 28), he has not alleged that Bailey or Chester had knowledge of any specific grievances or lawsuits.

Mr. Custard's claim for retaliation is based on nothing more than his personal belief and conclusory allegations.  Boyd has not set forth any "chronology of events from which retaliation may plausibly be inferred."  *Jones*, 188 F.3d at 325 (citation omitted).  As Mr. Custard has failed to adequately allege that his grievances and lawsuits were the "but for" cause of the loud banging on his cell door, Mr. Custard fails to state a claim against Defendants for retaliation based on the exercise of a constitutional right.  *See Peterson*, 149 F.3d at 1144 ("allegations of retaliation must fail because he has presented no evidence that the defendants' alleged retaliatory motives were the 'but for' cause of the defendants' actions").  *See also Baker v. Smith*, 771 F. Supp. 1156, 1158 (D. Kan. 1991) ("A complaint that contains only conclusory allegations of a deprivation of a constitutional right and thus fails to supply a sufficient factual basis to allow defendants to intelligently prepare a defense fails to state a cause of action and must be dismissed") (citations omitted).

3.      Conspiracy

Mr. Custard further alleges conspiracy under *Bivens*, 403 U.S. at 388.  "A claim of conspiracy requires plaintiff demonstrate direct or circumstantial evidence of a meeting of the minds or agreement among the defendants."  *Merritt v. Hawk*, 153 F. Supp. 2d 1216, 1225 (D. Colo. 2001) (citation omitted).  "[C]onspiracy can be shown by a sequence of events from which a reasonable jury could infer there was a meeting of the minds."  *Merritt*, 153 F. Supp. 2d at 1225 (citation omitted).  "However, conclusory allegations that defendants acted 'in concert,' or 'conspired' without specific factual allegations to support such assertions are insufficient."  *Merritt*, 153 F. Supp. 2d at 1225 (quoting *Aniniba v. City of Aurora*, 994 F. Supp. 1293, 1298 (D. Colo.1998)).

Mr. Custard's only allegation of conspiracy by Defendants is "and (b) related *Bivens* conspiracy claims."  (*See* Complaint (doc. # 3-1) at p. 10 of 28).  This single reference is not sufficient to state a claim.  Mr. Custard has failed to allege facts sufficient to suggest the existence of any of the elements of a conspiracy.  *See, e.g.*, *Baker v. Smith*, 771 F. Supp. 1156, 1158 (D. Kan. 1991) (civil conspiracy defined as "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another; and an overt act that results in damage") (internal quotation marks and citation omitted).  *See also Custard v. United States*, 2006 WL 1599210 (S.D. Ill. June 9, 2006) ("Although claims of civil conspiracy need not be pleaded with particularity, a plaintiff must indicate the parties involved, the general purpose of the conspiracy, and the approximate date, so that a defendant is put on notice of the claims against him.").

In sum, Claim One is properly dismissed for failure to state a claim upon which relief

can be granted.[1]

C.      Claim Two

Mr. Custard alleges in Claim Two that he suffers from "severe arthritis" and "40%

writing hand amputation" and that "handwriting causes [him] significant to severe pain."

(Complaint (doc. # 3-1) at p. 17 of 28). Mr. Custard alleges that Defendants Montgomery,

Hood, and the United States have violated the Eighth Amendment and the ADA and have

retaliated against him by the policy prohibiting typewriters for inmates in ADX. (*See*

Complaint (doc. # 3-1) at pp. 17-21 of 28). Mr. Custard emphasizes that he "does not seek

use of typewriters for all ADX prisoners but only one typewriter for himself only." (*See*

Complaint (doc. # 3-1) at pp. 19, 21 of 28).

1.      The ADA

Defendants argue that Mr. Custard fails to state a claim under the ADA.   Mr.

Custard concedes that the ADA "doesn't apply to the federal government" and that he may

have made an "incorrect cite of ADA" in Claim Three. (Mr. Custard's response (doc. # 68)

at p. 15 of 19).

It has been recognized that the provisions of the ADA are applicable to prisoners

---

[1]      Mr. Custard indicates in a response brief that he "moves for . . . leave of
court to amend in limited fashion as necessary to correct any deficiency." (*See* Mr.
Custard's response (doc. # 81) at pp. 9, 12 of 14). A motion to amend is properly made
pursuant to Fed. R. Civ. P. 15. A "party may amend the party's pleading once as a
matter of course at any time before a responsive pleading is served. . . ." Fed. R. Civ.
P. 15(a). While no responsive pleading has yet been filed in this action, *see* Fed. R.
Civ. P. 7(a), Mr. Custard has amended his Complaint once. *(See* Plaintiff's Motion for
Leave for Limited Amendment" (doc. # 69)). The court may also deny a motion to
amend a complaint for failure to submit the proposed amendment. *See, e.g., Williams
v. Wilkerson*, 90 F.R.D. 168, 170 (E.D. Va. 1981) (where plaintiff sought leave to
amend, a copy of the proposed amended pleading must be attached to the motion). As
Mr. Custard has not properly moved to amend, described what he wishes to amend, or
attached a copy of a complete proposed Amended Complaint, the court need not
address his mere mention of amendment.

confined in state correctional institutions. *See Pa. Dept. of Corrections v. Yeskey*, 524 U.S. 206 (1998). However, absent an explicit waiver of sovereign immunity, the United States is generally immune from suit. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). This "immunity is jurisdictional in nature," *FDIC v. Meyer*, 510 U.S. 471, 475 (1994), and extends to government agencies and employees. *Kyler v. Everson*, 442 F.3d 1251, 1252-53 (10th Cir. 2006). Moreover, it has been recognized that federal detention centers are not protected by the ADA. *See Hurtado v. Reno*, 34 F. Supp. 2d 1261, 1264 (D. Colo.1999).

The court further notes that the Complaint fails to state a claim for relief against the individual Defendants based on the ADA. The ADA does not create liability against individuals who do not otherwise qualify as employers under the statutory definition. *See Butler v. City of Prairie Village, Kansas*, 172 F.3d 736, 744 (10th Cir. 1999) (noting reasons for precluding individual liability under Title VII apply equally to ADA); *U.S. E.E.O.C. v. AIC Security Investigations, Inc.*, 55 F.3d 1276, 1282 (7th Cir. 1995) ("We hold that individuals who do not otherwise meet the statutory definition of 'employer' cannot be liable under the ADA."). To the extent that Mr. Custard has alleged a claim pursuant to the ADA, such claim is properly dismissed with prejudice.

2.     No Constitutional Basis

Further, as to Mr. Custard's claim for access to a typewriter, there is no constitutional right to access to a typewriter. *See Sands v. Lewis*, 886 F.2d 1166, 1172 (9th Cir. 1989) (rejecting prisoner's claim that the First Amendment requires the prison to allow him to keep his electronic typewriter in his cell); *American Inmate Paralegal Assoc. v. Cline*, 859 F.2d 59, 61 (8th Cir. 1988) (prison inmates have no constitutional right of access to a typewriter); *Lindquist v. Idaho Board of Corrections*, 776 F.2d 851, 858 (9th Cir. 1985) (prison officials are not required to provide a typewriter as long as the prisoner

is not denied access to the courts); *Taylor v. Coughlin*, 29 F.3d 39, 40 (2d Cir. 1994) (as prison inmates do not enjoy a constitutional right to typewriters as implements of access to the courts, there is no constitutional right to typewriters of a specific memory capacity) (*per curiam*); *Twyman v. Crisp*, 584 F.2d 352, 358 (10th Cir. 1978) ("Access to the courts does not include a federally protected right to use a typewriter or to have one's pleadings typed, the reason being that pro se prisoners causes are not prejudiced by the filing of handwritten briefs") (citations omitted); *Sprouse v. Moore*, 476 F.2d 995 (5th Cir. 1973) (federal prisoner had no federally protected right to use typewriter for legal or personal correspondence) (*per curiam*).   Mr. Custard has not alleged that he has been denied access to the courts and since this case commenced, Mr. Custard has regularly filed voluminous handwritten papers with the court.   As the Constitution does not require that typewriters be made available to inmates, Mr. Custard's Claim Two fails as a matter of law and is properly dismissed with prejudice.

D.   Claim Three

Mr. Custard alleges in Claim Three that noise levels caused by "cell sliding bar gate[s]" are "so high as to cause [him] serious pain – and hearing loss." (*See* Complaint (doc. # 3-1) at p. 22 of 28).   Mr. Custard alleges that additional padding on cell doors would reduce the noise.

1.   Eighth Amendment

Allegations of excessive noise in a prison can support a valid Eighth Amendment claim. *Antonelli v. Sheahan*, 81 F.3d 1422, 1433 (7th Cir. 1996). *See also Toussaint v. McCarthy*, 801 F.2d 1080, 1110 (9th Cir.1986) (affirming scope of relief granted by district court for noise level in the prison).   There is an indication in the record that the Bureau of Prisons conducted a noise level survey that determined that sound levels were in

compliance with relevant standards.  (*See* Mr. Custard's response (doc. # 68-2) at p. 36 of 45).  Mr. Custard alleges that the noise level testing was improperly done.  (*See* Complaint (doc. # 3-1) at p. 23 of 28).  This controversy may not be resolved on a motion to dismiss.

2.      Exhaustion of Administrative Remedies

Defendants have moved to dismiss Claim Three based upon Mr. Custard's failure to exhaust his administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).  Prior to filing this civil action, Mr. Custard was required to exhaust administrative remedies pursuant to the PLRA.  *Booth v. Churner*, 532 U.S. 731, 741 (2001).  Section 1997e(a) provides:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Defendants raised the issue of exhaustion by a Motion to Dismiss.  (*See* doc. # 38). At the time Defendants' Motion to Dismiss was filed, the Tenth Circuit interpreted the PLRA as imposing "a pleading requirement."  *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003), *cert. denied*, 543 U.S. 925 (2004).  "A complaint that fails to allege the requisite exhaustion of remedies [was] tantamount to one that fails to state a claim upon which relief may be granted."  *Steele*, 355 F.3d at 1210.  "In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e."  *Steele*, 355 F.3d at 1211 (internal quotation marks and citation omitted).

"The Supreme Court recently rejected our rule in *Steele*, however, and set forth a new standard to govern PLRA lawsuits: 'failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints.' "  *Roberts v. Barreras*, 484 F.3d 1236, 1240 (10th Cir. 2007) (quoting

14

*Jones v. Bock*, --- U.S. ----, ----, 127 S.Ct. 910, 921, 166  (Jan. 22, 2007) and citing *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223 (10th Cir. 2007)).  Now "the burden of proof for the exhaustion of administrative remedies in a suit governed by the PLRA lies with the defendant." *Roberts v. Barreras*, 484 F.3d at 1241.

After *Jones*, 127 S. Ct. at 910, dismissal under § 1997e(a) for failure to exhaust administrative remedies cannot usually be made on pleadings without proof.  *See Freeman v. Watkins*, 479 F.3d 1257, 1260 (10th Cir. 2007) ("'only in rare cases will a district court be able to conclude from the face of the complaint that a prisoner has not exhausted his administrative remedies and that he is without a valid excuse'") (quoting *Aquilar-Avellaveda v. Terrell*, 478 F.3d at 1225).  At this stage of the litigation, Defendants have not met their burden of demonstrating that Mr. Custard has not exhausted his administrative remedies.  Thus, Defendants' request for dismissal of Claim Three based on failure to exhaust administrative remedies is properly denied at this time.

E.    Claim Four

In Claim Four, Mr. Custard alleges that he suffers from "chronic asthma."  Mr. Custard alleges that on May 25, 2005, he was moved from one cell to another without his asthma medication.  (Complaint (doc. # 3-1) at p. 25 of 28).  After several hours without his asthma medication, Mr. Custard suffered an asthma attack and asked Defendant Williamson for his medication.  (Complaint (doc. # 3-1) at p. 26 of 28).  Mr. Custard alleges that Defendant Williamson refused to provide the asthma medication and stated "I hope you die."  (Complaint (doc. # 3-1) at p. 26 of 28).  Mr. Custard activated his "in-cell panic button."  (Complaint (doc. # 3-1) at p. 26 of 28).  A nurse practitioner responded and ordered Defendant Williamson to obtain Mr. Custard's medication.  (Complaint (doc. # 3-1) at pp. 26-27 of 28).  "The asthma attack broke within 10-15 minutes after I got my inhalers."  (Complaint (doc. # 3-1) at p. 27 of 28).  Mr. Custard alleges that Defendant

15

Williamson violated his Eighth Amendment rights and retaliated against him for the filing of grievances and lawsuits in violation of his First Amendment rights.   (*See* Complaint (doc. # 3-1) at pp. 25-26 of 28).

1.     Qualified Immunity

Defendant Williamson argues that he is entitled to qualified immunity from Claim Four. The Supreme Court has recognized a qualified immunity defense for *Bivens* claims against federal officials. *Johnson v. Fankell*, 520 U.S. 911, 914 (1997). *See also Malesko*, 534 U.S. at 72 ("If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, subject to the defense of qualified immunity.").

> Under the doctrine of qualified immunity, government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. When a defendant raises a claim of qualified immunity, the burden shifts to the plaintiff to show that the defendant is not entitled to immunity. To overcome a qualified immunity defense, a plaintiff must first assert a violation of a constitutional or statutory right and then show that the right was clearly established.

*Robbins v. Wilkie*, 433 F.3d 755, 764 (10th Cir. 2006) (internal quotation marks and citations omitted), *cert. granted*, 127 S.Ct. 722 (2006). *See also Wilson v. Layne*, 526 U.S. 603, 609 (1999) ("A court evaluating a claim of qualified immunity must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all, and if so, proceed to determine whether that right was clearly established at the time of the alleged violation.") (internal quotation marks and citation omitted); *Currier v. Doran*, 242 F.3d 905, 917 (10th Cir. 2001) ("Once a defendant raises the defense of qualified immunity in the context of a motion to dismiss, a court must first determine whether the plaintiff has asserted a violation of federal law.") (citation omitted).

"[A]sthma can be, and frequently is, a serious medical condition, depending on the

16

severity of the attacks." *Board v. Farnham*, 394 F.3d 469, 484 (7th Cir. 2005) (citation omitted). *See also Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir.2001) (recognizing asthma as a serious health condition); *Adams v. Poag*, 61 F.3d 1537 (11th Cir. 1995) (finding asthma to be a serious medical condition).

An inmate's complaint of inadequate medical care amounts to an Eighth Amendment claim if the inmate alleges "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). An official acts with deliberate indifference if his or her conduct "disregards a known or obvious risk that is very likely to result in the violation of a prisoner's constitutional rights." *Berry v. City of Muskogee, Oklahoma*, 900 F.2d 1489, 1496 (10th Cir. 1990). The Tenth Circuit has recognized that "a prison official preventing a inmate from receiving medical treatment" may "constitute deliberate indifference in a prison medical case." *Self v. Crum*, 439 F.3d 1227, 1231 (10th Cir.) (citing *Sealock v. Colorado*, 218 F.3d 1205, 1211 (10th Cir. 2000)), *cert. denied*, 127 S.Ct. 131 (2006). *See also Mata v. Saiz*, 427 F.3d 745, 749 (10th Cir. 2005) ("[T]here is little doubt that deliberate indifference to an inmate's serious medical need is a clearly established constitutional right.").

Mr. Custard has pled that Defendant Williamson knew that he was suffering from asthma, a serious medical condition, and despite this knowledge deliberately refused Mr. Custard his medication. (*See* Complaint (doc. # 3-1) at pp. 25-28 of 28; (doc. # 3-2) at p. 1 of 15). A defendant presenting an immunity defense on a Rule 12(b)(6) motion must accept the standard of review applicable to this procedural route. The district court will review a motion to dismiss where a qualified immunity defense is asserted "under the customary motion to dismiss standard." *Currier*, 242 F.3d at 917. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

17

*Currier*, 242 F.3d at 917 (internal quotation marks and citation omitted).  The court must accept the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff.  *Ramirez*, 222 F.3d at 1240 (citation omitted).  Taken in the light most favorable to Mr. Custard, as required, the allegations are sufficient to establish deliberate indifference to his serious medical needs.  To the extent that Defendants' Motion to Dismiss is based on qualified immunity, it is properly denied at this time.

F.     Mr. Custard's Malicious Filings

        The record in this case is replete with Mr. Custard's impertinent and malicious filings.  Such filings do not advance Mr. Custard's causes before the court.  Mr. Custard has previously been warned and had filings stricken as abusive.  *See, e.g., Custard v. Lappin*, 2007 WL 1549028 (D. Colo. May 25, 2007) (citations omitted)*; Custard v. Turner*, 2006 WL 1119035 (D. Colo. April 26, 2006) (citations omitted).  Mr. Custard is again warned that the court need not entertain such filings.


        Accordingly, IT IS RECOMMENDED that:

        1.     Defendants' Motion to Dismiss (filed December 11, 2006) (doc. # 38) be GRANTED IN PART AND DENIED IN PART.

        2.     Defendant Williamson's Motion to Dismiss (filed March 13, 2007) (doc. # 74) be GRANTED IN PART AND DENIED IN PART.

        3.     To the extent that Mr. Custard has alleged claims pursuant to *Bivens* against Defendants in their official capacities, such claims be dismissed with prejudice for lack of subject matter jurisdiction as barred by sovereign immunity.

        4.     Claim One be dismissed without prejudice;

        5.     Claim Two be dismissed with prejudice;

        6.     This civil action proceed as to Claim Three and Claim Four.

18

7.      As Defendants Pullen, Haygood, Bailey, Morrison, and Chester are not named in Claims Three or Four, that they be dismissed from this civil action.

8.      Defense counsel shall report to the court **on or before July 16, 2007** the status of the court's request for waiver of service (doc. # 16) by Defendant Hood.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).

The district judge shall make a *de novo* determination of those specific portions of the proposed findings or recommendations to which specific objection is made.  28 U.S.C. § 636(b)(1).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  *See In re Griego*, 64 F.3d at 583;  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *One Parcel of Real Property*, 73 F.3d at 1060.  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations

of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (district court's decision to review a magistrate's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 25th day of June, 2007.

BY THE COURT:


    s/Craig B. Shaffer
United States Magistrate Judge