IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No: 06-cv-01036-WYD-CBS

BOB ALLEN CUSTARD,

    Plaintiff,

v.

'CHUCK' TURNER, et al.

    Defendants.

---

**ORDER ADOPTING AND AFFIRMING
MAGISTRATE JUDGE'S ORDER**

---

THIS MATTER is before the Court on the Motion to Dismiss filed on December 11, 2006 (docket #38) by Defendants Chuck Turner, Stark, Pullen, W. Haygood, Marie Bailey, Michael Morrison, C. Chester, W. Montgomery, M. Dunlap, and Untied States of America, and the Motion to Dismiss filed March 13, 2007 (docket #74) by Defendant W. Williamson.  These motions were referred to Magistrate Judge Shaffer by memorandum dated December 12, 2006, and March 14, 2007, respectively.  On June 25, 2007, Magistrate Judge Shaffer entered a Recommendation of United States Magistrate Judge ("Recommendation"), which is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), D.C.COLO.LCivR. 72.1(C)(1).

By way of background I note that Plaintiff is an inmate in administrative segregation ("ADX") at the United States Penitentiary in Florence, Colorado.  In this civil action Plaintiff brings four claims for relief, each alleging violation of his rights under the Eight Amendment to the United States Constitution, retaliation, and

conspiracy. In addition, Plaintiff's Second Claim for Relief alleges violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* Magistrate Judge Shaffer recommends that to the extent Plaintiff is pursuing claims against the Defendants in their official capacities, such claims are barred by the doctrine of sovereign immunity and must be dismissed with prejudice for lack of subject matter jurisdiction. Recommendation at 4. The Magistrate Judge further recommends that Plaintiff's first and second claims for relief be dismissed with prejudice, but that this action proceed as to Plaintiff's third and fourth claims for relief. Recommendation at 7-18. The Magistrate Judge also recommends that Defendants Pullen, Haygood, Bailey, Morrison, and Chester be dismissed from this case. Recommendation at 19.

On July 10, 2007 Plaintiff filed a pleading styled "Plaintiff's Specific Written Objections to Certain Findings and Recommended Disposition of the Magistrate Judge's Report and Recommendation of June 25, 2007" ("Objection"). Plaintiff's timely Objection necessitates a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1). In his Objection, Plaintiff states that his claims against the Defendants in their official capacity should go forward, and that the factual allegations in his Complaint are sufficient to sustain his first and second claims for violation of the ADA and his rights under the Eight Amendment.

As an initial matter, I note that Plaintiff has not presented any cognizable argument as to why he is entitled to pursue claims against the Defendants in their

"official capacities," and such claims are properly dismissed under the Eleventh Amendment to the United States Constitution for lack of subject matter jurisdiction. Next, I note that Plaintiff's first claim for relief is premised on allegations that he suffers from the "serious medical condition of 'delayed sleep-phase syndrom,'" and that Defendants Turner, Stark, Williamson, Bailey, Morrison, Chester, Haygood, Montgomery, Hood and the United States violated his Eight Amendment rights when they repeatedly "loudly and violently waked" him by "loudly banging" on his cell door. Plaintiff's allegations, taken as true for purposes of reviewing these motions to dismiss, simply do not rise to the level of an Eight Amendment violation and are properly dismissed.  *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (in order to give rise to an Eight Amendment violation the prison official's act or omission must result in the denial of "minimal civilized measure of life's necessities") (quotation omitted).  Plaintiff's second claim for relief is premised on his assertion that he suffers from severe arthritis and has been wrongful denied use of a typewriter.  However, Plaintiff has no constitutional right to access to a typewriter.  *American Inmate Paralegal Assoc. v. Cline*, 859 F.2d 59, 61 (8th Cir. 1988).  To the extent Plaintiff's second claim is grounded in an alleged violation of the ADA, he cannot sustain such a claim against prison officials because they do not qualify as employers under the statute.  *See Butler v. City of Prairie Village*, 172 F.3d 736, 744 (10th Cir. 1999).  In addition, I find that Plaintiff's allegations of retaliation and conspiracy as they relate to his first and second claims for relief are wholly conclusory and were properly dismissed.

       Therefore, for the reasons set forth above, it is hereby

ORDERED the Recommendation of United States Magistrate Judge, dated June 25, 2007 (docket #86), is **AFFIRMED and ADOPTED** in its entirety.  It is

FURTHER ORDERED that the Motion to Dismiss filed on December 11, 2006 (docket #38) and the Motion to Dismiss filed March 13, 2007 (docket #74) are both **GRANTED IN PART AND DENIED IN PART**.  In accordance therewith, it is

FURTHER ORDERED that Plaintiff's claims against Defendants in their official capacities are **DISMISSED WITH PREJUDICE**.  It is

FURTHER ORDERED that Plaintiff's First and Second Claims for Relief are **DISMISSED WITH PREJUDICE**.  This action shall proceed as to Plaintiff's Third and Fourth Claims for Relief.  It is

FURTHER ORDERED that Defendants Pullen, Haygood, Bailey, Morrison, and Chester are **DISMISSED** from this civil action.

Dated:  September 26, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel