IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01036-WYD-CBS

BOB ALLEN CUSTARD,
    Plaintiff,
v.

"CHUCK" TURNER,
(1ST NAME UNKNOWN) STARK,
W. WILLIAMSON,
W. MONTGOMERY, and
ROBERT A. HOOD,
    Defendants.

_____

ORDER
_____

Magistrate Judge Craig B. Shaffer

This civil action comes before the court on: (1) Mr. Custard's "Motion for Two (2) Scheduling Orders" (filed October 29, 2008) (doc. # 198); (2) Mr. Custard's "Motion . . . to Request an Attorney to Represent [Plaintiff] . . . " (filed October 30, 2008) (doc. # 197); (3) Mr. Custard's "Motion for Court-Appointed Experts" (filed October 30, 2008) (doc. # 200); and (4) Mr. Custard's "Motion for Timely Rulings . . ." (filed November 4, 2008) (doc. # 202). Pursuant to the Order of Reference dated August 24, 2006 (doc. # 15) and the memoranda dated October 30, 2008 (doc. # 201) and November 5, 2008 (doc. # 203), these matters have been referred to the Magistrate Judge.

First, pursuant to the Local Rules of Practice of the United States District Court for the District of Colorado, D.C. COLO. LCivR 16.2 and Fed. R. Civ. P. 26(a)(1)(E), scheduling orders are not required in actions brought without an

1

attorney by a person in the custody of the United States or a state. Thus, Mr. Custard's request for "4 total forms" of the court's Scheduling Order is unnecessary. Based upon Mr Custard's and defense counsel's input during the hearing set on November 18, 2008, the court will schedule the case at that time.

Second, on October 21, 2008, the court again placed this civil action on the list of cases for which counsel may choose to volunteer. Thus, Mr. Custard's subsequent motion for the court to request an attorney to represent him is unnecessary.

Third, the court finds no authority to appoint and pay an expert to assist an indigent litigant in the preparation of a civil suit for damages. Section 1915(c) provides in part that "[w]itnesses shall attend as in other cases." It does not authorize the government to pay or advance the fees and expenses for witnesses. The right of access to the courts does not extend to provide witness fees for a witness an *in forma pauperis* prisoner claims to be essential to his case. *Johnson v. Hubbard*, 698 F.2d 286, 288-90 (6th Cir. 1983). The court has no more authority to appoint an expert witness at government expense for Mr. Custard than it has to require counsel to represent him. As the court stated in *Boring v. Kozakiewicz*, in affirming the district court's refusal to appoint an expert at government expense in a similar case:

> [t]he plaintiffs' [former pretrial detainees] dilemma in being unable to proceed in this damage suit because of the inability to pay for expert witnesses does not differ from that of nonprisoner claimants who face similar problems. . . By seeking government funding in this case, plaintiffs are in effect asking for better treatment than their fellow-citizens who have not been incarcerated but who have at least equal claims for damages.

833 F.2d 468, 474 (3d Cir.1987). *See also Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir. 1993) (concluding "that there is no statutory authority for a court to commit federal funds to pay for deposition transcripts"). Mr. Custard's request for "court-appointed experts" is properly denied.

Finally, In light of this Order, Mr. Custard's "Motion for Timely Rulings . . ." is now moot.

Accordingly, IT IS ORDERED that:

1. Mr. Custard's "Motion for Two (2) Scheduling Orders" (filed October 29, 2008) (doc. # 198) is DENIED as unnecessary.

2. Mr. Custard's "Motion . . . to Request an Attorney to Represent [Plaintiff] . . . " (filed October 30, 2008) (doc. # 197) is DENIED as unnecessary.

3. Mr. Custard's "Motion for Court-Appointed Experts" (filed October 30, 2008) (doc. # 200) is DENIED.

4. Mr. Custard's "Motion for Timely Rulings . . ." (filed November 4, 2008) (doc. # 202) is DENIED as moot.

DATED at Denver, Colorado, this 6th day of November, 2008.

BY THE COURT:

    s/Craig B. Shaffer
United States Magistrate Judge